IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWARD HENDERSON,

        Plaintiff,                         CV F 06 0018 OWW WMW P

    vs.                                     ORDER DISMISSING COMPLAINT
                                             WITH LEAVE TO AMEND

A. MALFI,

        Defendant.

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections at the Sierra Conservation Center at Jamestown, brings this civil rights action against defendant A. Malfi, Warden at Sierra Conservation Center.[1]

        Plaintiff's claim in this complaint relates to the denial of his request for participation in fire camp. Plaintiff alleges that he is "being systematically" disqualified for fire camp because he is a diabetic. Plaintiff alleges that his request was denied on December 13, 2005 and again on December 21, 2005. Plaintiff requests an order granting him a "1/3 time reduction."

---

[1] In the caption and body of his complaint, Plaintiff refers to A. Malfi, et al., as the defendants, but does not identify any other individual defendant.

1  To warrant relief under the Civil Rights Act, a plaintiff must allege and show that
2  defendant's acts or omissions caused the deprivation of his constitutionally protected rights.
3  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a
4  plaintiff must allege that: (1) a person was acting under color of state law at the time the
5  complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,
6  privileges or immunities secured by the Constitution or laws of the United States.  Paratt
7  v.Taylor, 451 U.S. 527, 535 (1981).

8  The Due Process Clause protects prisoners from being deprived of life, liberty, or
9  property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Prison
10 inmates do not have a constitutional right, grounded in the Due Process Clause itself, to be
11 incarcerated at a particular correctional facility, to be transferred from one facility to another, or
12 to participate in rehabilitative programs.  Meachum v. Fano, 427 U.S. 215, 224-25 (1976);
13 Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Rizzo v. Dawson, 778 F.2d 527, 530-31 (9th Cir.
14 1985).

15 The denial of Plaintiff's request for transfer to fire camp does not, of itself, constitute a
16 due process violation.  Further, Plaintiff seeks a reduction in his sentence, presumably a
17 reduction he would have received had his request been granted.  When a prisoner challenges the
18 legality or duration of his custody, or raises a constitutional challenge which could entitle him to
19 an earlier release, his sole federal remedy is a writ of habeas corpus.  Preiser v. Rodriguez, 411
20 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090
21 (1991).   Therefore, any claim that would result in a reduction of Plaintiff's sentence should be
22 brought as a habeas petition.

23 Because Plaintiff has failed to allege facts sufficient to state a claim for relief, the
24 complaint must be dismissed.  Plaintiff will, however, be granted leave to file an amended
25 complaint.

26

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint."  Failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

1  **Dated:  August 1, 2006**                    **/s/  William M. Wunderlich**
   mmkd34                                      UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26